MADELINE DAVIS HELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heller v. Commissioner
Docket No. 8273-93
United States Tax Court
T.C. Memo 1994-423; 1994 Tax Ct. Memo LEXIS 431; 68 T.C.M. (CCH) 538; August 23, 1994, Filed *431 Decision will be entered for Respondent. Pursuant to a divorce instrument, P received certain payments from her former husband. Some of the payments were designated as spousal support. The remaining payments were designated as child support. The divorce instrument stated that future spousal support would be reduced by any court ordered increase in child support. Held: The provision which allows spousal support to be decreased by future court-ordered increases in child support does not constitute a contingency related to a child under sec. 71(c)(2), I.R.C. Therefore, payments received by petitioner during 1989 constitute taxable alimony. For petitioner: Gordon B. Cutler. For respondent: Nancy C. McCurley. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court pursuant to a petition filed by Madeline Davis Heller for a redetermination of respondent's determination of a deficiency of $ 3,698.80 in petitioner's 1989 Federal income tax. The sole issue for decision is whether $ 20,400 received by petitioner in 1989 from her former husband constitutes alimony or child support under section 71. [1] We hold that the $ 20,400 is alimony. Unless otherwise *432 indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
Pursuant to Rule 122(a), the parties submitted this case to the Court without trial; the record in this case consists of the pleadings and the facts recited in a joint stipulation with accompanying exhibits. These facts and exhibits are incorporated herein by this reference. When she filed her petition, petitioner resided in Santa Monica, California. Petitioner was divorced from Lawrence Heller (Heller) on December 17, 1987. Petitioner and Heller had two minor children who resided with petitioner during 1989. As required *433 by the divorce instrument, Heller paid petitioner $ 32,400 in child and spousal support during 1989. Of that amount, the divorce instrument designated $ 20,400 as spousal support and $ 12,000 as child support. [2] Paragraph C of the divorce instrument states, in part: From November 1, 1987, until October 31, 1992, said spousal support shall be non-modifiable and the court shall have no jurisdiction to modify said support either as to amount or duration. It is the intention of the parties that * * * [Heller's] total monthly obligation for spousal and child support commencing November 1, 1987 through October 31, 1992 shall be the sum of $ 2,700 per month. In the event * * * [petitioner] seeks a modification of child support prior to October 31, 1992, and an increase of child support is ordered by the Court, the Court shall reduce * * * [Heller's] spousal support by $ 1 for every one $ 1 of increased child support. [Emphasis added.]
*434 Petitioner did not report any alimony on her 1989 Form 1040, U.S. Individual Income Tax Return. Discussion
Section 71(a) provides that there shall be included in gross income any amount received as alimony or as separate maintenance. There is a corresponding deduction allowed under section 215 for payments of alimony or separate maintenance made by an individual. Payments made for child support are neither includable under section 71 nor deductible under section 215. Alimony does not include that part of a payment which is payable for child support. Sec. 71(c). Child support is that part of the payment which the terms of the divorce instrument fix as payable for the support of the children of the payor spouse. Sec. 71(c)(1). An amount is treated as fixed under section 71(c)(1) if it will be reduced on the happening of a contingency specified in the divorce instrument relating to a child or at a time which can clearly be associated with a contingency related to the child. Sec. 71(c)(2). Section 71(c)(2)(A) parenthetically gives examples of events which will be considered contingencies to which the subsection shall apply. The examples include: Attaining a specified *435 age, marrying, dying, leaving school, or a similar contingency. The statutory list is not exhaustive. The regulations add the child's attaining a specified income level, leaving the spouse's household or gaining employment, and further suggest that any contingency relates to a child if it depends "on any event relating to that child". Sec. 1.71-1T(c) Q&A 17, Temporary Income Tax Regs., 49 Fed. Reg. 34456-34457 (Aug. 31, 1984). Petitioner argues that the provision of the divorce instrument that allows for a modification of child support is a contingency related to a child. Therefore, section 71(c)(2)(A) reclassifies any spousal support that is payable under the divorce instrument as child support. Given that spousal support will be reduced dollar-for-dollar by any future court-ordered increase in child support, petitioner concludes that spousal support is contingent upon her children attaining a specified income level. See sec. 1.71-1T(c) Q&A 17, Temporary Income Tax Regs., 49 Fed. Reg. 34456-34457 (Aug. 31, 1984). We disagree with petitioner. Section 71(c)(2) was enacted by the Congress in 1984 in response to the Supreme *436 Court's opinion in Commissioner v. Lester, 366 U.S. 299 (1961). See generally Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 713 (J. Comm. Print 1985). The Lester case involved a written agreement in which the taxpayer was required to make payments for spousal and child support. The agreement did not allocate the payments between alimony and child support. The Supreme Court held that an agreement directing a reduction by one-sixth of payments payable for the support of the taxpayer's children upon a child's marriage, emancipation, or death, did not adequately fix the payments as child support. [3] The Court interpreted the word "fix" to mean that the allocations to child support must be "specifically designated" in the agreement and not left to "determinations by inference or conjecture." Commissioner v. Lester, supra at 306. *437 In 1984, the Congress effectively overruled the decision in the Lester case by adding section 71(c)(2). While section 71(c)(2) makes it more difficult to disguise child support as alimony, section 71 still allows taxpayers some freedom in structuring their divorce instruments. As long as the definitional requirements of section 71(b)(1) are met, the parties allocation of amounts are generally respected. [4]Section 71(c)(2) represents one exception to this rule. *438 The statutory list of contingencies contemplates situations which are similar to the Lester case; i.e., contingencies which call for the termination of a certain amount of support on account of an occurrence relating to the child. While the contingencies listed in the text of section 71 and the regulations thereunder are not exhaustive, any contingency relied upon to reject the expressed allocation in a divorce instrument should be similar to the items listed there. Sec. 71(c)(2)(A). In the instant case, the parties to the divorce instrument specifically designated the amounts of spousal and child support. The payments of spousal support met all of the definitional requirements of section 71(b)(1). Therefore, in order to except these payments from the alimony definition in section 71(b)(1), petitioner must show that the spousal support provisions of the divorce instrument contain a contingency related to a child. The instrument allowed the parties to seek a modification of child support in the future. While any increase in child support would be offset by a corresponding decrease in spousal support, we do not believe that the ability to modify child support rises to the *439 level of a contingency related to a child. Indeed, the regulations contemplate agreements in which the amount of child support can fluctuate. [5] Furthermore, we are not persuaded by petitioner's argument that a modification which increases the amount of child support with a corresponding decrease in spousal support qualifies as a contingency relating to a child attaining a specified income level. Accordingly, we hold that petitioner must include $ 20,400 in income as alimony for the 1989 taxable year. We have considered all arguments made by petitioner and, to the extent not addressed *440 above, find them to be without merit. For the foregoing reasons, Decision will be entered for respondent. Footnotes
1. The statutory notice of deficiency also contained adjustments to petitioner's child care and earned income credits. These adjustments are flow through in that they depend on the correct amount of petitioner's adjusted gross income for 1989, which in turn depends on the correct amount of her alimony income for 1989.↩
2. The divorce instrument provided that Heller was to pay petitioner: (1) $ 1,000 per month as child support; and (2) $ 1,700 per month as spousal support.↩
3. The years in issue in Commissioner v. Lester, 366 U.S. 199 (1961) were 1951 and 1952. For those years, sec. 22(k) of the Internal Revenue Code of 1939 (the predecessor of sec. 71(c)(1)↩) provided that alimony did not include those payments "which the terms of the * * * written instrument fix, in terms of * * * a portion of the payment, as a sum which is payable for the support of minor children of such husband."
4. In order to qualify as alimony the following requirements must be satisfied: (1) The payment must be made in cash; (2) the payment must be received by or on behalf of a spouse or former spouse under a divorce or separation instrument; (3) the instrument may not expressly exclude the payment from the inclusion-deduction scheme of secs. 71 and 215; (4) if the spouses are divorced or legally separated, they cannot be members of the same household when the payment is made; (5) liability for payments must cease on the death of the payee, and the payor cannot be obligated to make any substitute payment or property transfer after the payee's death. Sec. 71(b)(1)↩.
5. See sec. 1.71-1T(c) Q&A 16, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984), which states, in part: yA payment is fixed as payable for the support of a child of the payor spouse if the divorce or separation instrument specifically designates some sum or portion (which sum or portion may fluctuate)↩ as payable for the support of a child of the payor spouse. * * * [Emphasis added.]